Argued January 8, affirmed April 14, 1965

STEARNS ET AL v. COMMISSION OF
PUBLIC DOCKS

401 P. 2d 25

*Clifford D. O'Brien,* Portland, argued the cause and filed a brief for appellants.

*Verne W. Newcomb,* Portland, argued the cause for respondent. On the brief were Sabin, Dafoe & New-

comb and Jack B. Schwartz and White, Sutherland & White and E. Wayne Cordes, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, GOODWIN and DENECKE, Justices.

DENECKE, J.

Plaintiffs, Local 701 Hoisting and Portable Engineers and five members thereof, sought a declaratory judgment that defendant Commission, a public employer, could not discriminate among employees on account of their membership or nonmembership in a labor organization. Injunctive relief was also sought. A demurrer was sustained on the ground that plaintiffs had failed to join necessary parties, and plaintiffs appeal.

The complaint alleges that members of Local 701 formerly operated cranes at the Commission's Terminal No. 4. Since January 1964 the Commission has employed only members of Local 1-8, International Longshoremen's and Warehousemen's Union (ILWU), to operate cranes in the loading and unloading of maritime cargo to and from the vessels of Matson Navigation Company. According to the complaint and affidavit of plaintiffs, this change was made at the "insistence" of Matson, according to an agreement between the ILWU and the Pacific Maritime Association, of which Matson is an employer member. This contract, as construed by the parties to it, requires the employment of ILWU members in the unloading of all Matson ships, regardless of who owns the cranes employed in such operations.

ORS 28.110, § 11 of the Uniform Declaratory Judgments Act, provides that "all persons *shall* be made parties who have or claim any interest which would

be *affected* by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." (Emphasis added.)

In *Stanley, Adm. v. Mueller,* 211 Or 198, 315 P2d 125, 71 ALR2d 715 (1957), we interpreted this section. That was a suit for declaratory relief by the deceased wife's administrator against the husband seeking to determine the right of the husband to elect to take one-fourth of the personal property of the decedent and curtesy despite a claimed prenuptial agreement whereby the spouses agreed not to claim any part of the property of the other upon the death of one. We held the suit could not be entertained because the legatees of the wife were not parties. We held:

> "In our opinion the mandatory 'shall' in this statute should be given its ordinary effect by the courts. We think that under this provision the courts have no authority to make a declaration unless all persons 'who have or claim any interest which would be affected by the declaration' are parties to the proceeding. Otherwise, there is no 'justiciable controversy' within the meaning of the statute." 211 Or at 202.

We found the policy underlining the provisions of the statute to be:

> "Where the rights of parties with an interest are left undetermined the uncertainty and insecurity will remain and 'courts properly decline to make declarations between parties when others, not bound, might later raise the identical question and deprive the declaration of that final and pacifying function it is calculated to subserve.' Borchard op. cit. at 256-257." 211 Or at 209.

Members of the ILWU and Matson have an interest which will be "affected" by the court's declaration. If the court entertained the suit and held for plaintiffs,

the members of the local ILWU might lose their jobs operating the cranes; Matson might be in breach of its contract with ILWU. Neither Matson nor the local ILWU would be bound by the declaration because they are not parties, but that is the vice,—the declaration would not settle any controversy between all the parties concerned. We need not now determine if parties other than the local ILWU-Matson are also necessary.

Plaintiffs fear that if other parties must be joined, jurisdiction of the controversy will be pre-empted by federal law to the National Labor Relations Board. However, under the mandatory construction placed upon the declaratory judgments statute by *Stanley, Adm. v. Mueller,* supra, the possible loss of judicial jurisdiction is irrelevant.

Affirmed.