Argued November 24, 1970, reversed and remanded
with directions January 7, 1971

## OREGON STATE EMPLOYEES ASSOCIATION,
*Appellant, v.* HOLMAN ET AL, *Respondents.*

478 P2d 657

*John S. Irvin,* Salem, argued the cause for appellant. With him on the briefs was Thomas C. Enright, Salem.

*John W. Osburn,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, Jacob

B. Tanzer, Solicitor General, and Alan H. Johansen, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

On January 2, 1970, the state, acting through its Board of Higher Education on behalf of the University of Oregon Medical School and the University of Oregon Dental School, entered into a written contract with Prophet Foods Company, a Michigan corporation, concerning the management and operation of the complete food service facilities located at the University of Oregon Medical School, the University of Oregon Dental School, the University of Oregon Medical School Hospital and the University State Tuberculosis Hospital. An addendum to the contract, not here relevant, was executed January 13, 1970. Prophet began performance of the contract on February 1, 1970.

Plaintiff herein, Oregon State Employees Association, a labor organization representing state employes, seeks a declaratory judgment holding that contract to be illegal and an injunction against its performance. It has not, however, joined Prophet Foods Company as a party to this suit, and that company has not been interpleaded by any defendant herein, nor by the plaintiff following the filing of defendants' answer.

The parties are in agreement that Prophet Foods Company and the respondents are operating under the contract at the present time, and have been since February 1, 1970.

This action was filed December 30, 1969. Testimony was taken January 16, 1970, and on February 2, 1970, the court rendered an oral opinion from the bench and directed preparation of a decree in conformity with it. Findings of fact, conclusions of law and a decree were entered by the court on May 6, 1970, in which it held:

"1. The contract executed by the defendants with Prophet Foods Company is valid, legal and within the authority of the defendants to execute.

"2. The plaintiff's prayer for decree permanently enjoining defendants is denied."

Plaintiff appeals therefrom.

The contract together with its bid specifications comprise a lengthy document which "grants to Prophet the right to manage and operate" the "complete food service facilities" of the four enumerated state institutions and facilities.

Among its provisions is one which obligates Prophet to:

"Continue on Medical School payroll all non-management dietary and cafeteria employees of Medical School who are on Medical School payroll when Prophet begins service. The contractor will not be required to retain those who do not meet his standards, nor those in excess of the number required for efficient operation, but will be subject to the rules and regulations of the State of Oregon Executive Department, Personnel Division."

Another, concerning payment of invoices, provides:

"Prophet will submit an invoice for the Medical School Hospital and the University State Tuberculosis Hospital based upon patient days and meals served, and this will be credited by the amount Prophet owes Medical School for wages and payroll assessments."

Basic to the plaintiff's contentions concerning this contract and to the legal rights and obligations of its members here involved, and to the respondents as well, is whether or not those members under this contract become employes of Prophet or remain employes of the State of Oregon. Basic to the rights and obligations of Prophet arising out of this contract is whether or not the relationship of master and servant exists between it and the directly affected members of the plaintiff union.

We are of the opinion that Prophet Foods Company, a Michigan corporation, is a necessary party to this case. Accordingly, we do not reach the questions herein sought to be raised.

Concerning declaratory judgment actions, ORS 28.110 provides:

> "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration ❋ ❋ ❋."

In conformity with elementary concepts of due process, the statute continues:

> "❋ ❋ ❋ [A]nd no declaration shall prejudice the rights of persons not parties to the proceeding. ❋ ❋ ❋"

The Oregon Supreme Court, in a carefully considered opinion, held in *Stanley, Adm. v. Mueller*, 211 Or 198, 315 P2d 125, 71 ALR2d 715 (1957), a declaratory judgment proceeding:

> "We do not reach the merits for we are of the opinion that the court was not authorized to enter a declaration because of a want of necessary parties. The point was made for the first time by the defendant in his brief in this court, but, as will be shown, that is a matter of no consequence. The

court could have raised the question on its own motion.

"\* \* \* \* \*

"The question is controlled by ORS 28.110, which is identical with § 11 of the Uniform Declaratory Judgments Act in effect in most of the states, and reads in part:

" 'When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.'

"In our opinion the mandatory 'shall' in this statute should be given its ordinary effect by the courts. We think that under this provision the courts have no authority to make a declaration unless all persons 'who have or claim any interest which would be affected by the declaration' are parties to the proceeding. Otherwise, there is no 'justiciable controversy' within the meaning of the statute." 211 Or at 200-202.

It concluded its lengthy analysis of the authorities in the following language:

"Where the rights of parties with an interest are left undetermined the uncertainty and insecurity will remain and 'courts properly decline to make declarations between parties when others, not bound, might later raise the identical question and deprive the declaration of that final and pacifying function it is calculated to subserve.' Borchard op. cit. at 256-257.

"We find nothing in the Declaratory Judgments Act, considered in its entirety and in the light of its expressed purpose, which warrants us in adopting a construction contrary to the mandatory language of ORS 28.110. And, since it is clear that the section was intended to protect the rights of all parties having or claiming an interest which would

be affected by the declaration sought, we are satisfied that an imperative construction is the only admissible one.

"* * * * *

"* * * The objection was not and could not be waived by failure to raise the question by demurrer or answer. * * *" 211 Or at 209-10.

More recently, the Supreme Court expressly reaffirmed that holding. *Stearns v. Commission of Public Docks*, 240 Or 255, 401 P2d 25 (1965). See also, 2 Oregon Civil Pleading and Practice, § 85.19-20 (CLE 1969); Borchard, Declaratory Judgments 255-58 (2d ed 1941).

It follows, then, that the decree must be reversed and the cause remanded to the circuit court with directions to fix a time within which Prophet may be made a party. If it is not brought in within the time so fixed, a decree of dismissal should be entered. No costs or disbursements will be allowed.