DECISION
Plaintiff appealed Defendant's assessments for unpaid tobacco products taxes for the first, third, and fourth quarter 2005, the first through third quarters of 2006, and the first quarter of 2007. The December 7, 2009, case management conference was essentially converted to a trial because the parties agreed to the relevant facts and Plaintiff did not wish to prolong the matter by proceeding to trial at a later date, a position agreeable to Defendant. Plaintiff was represented by Morgan Atarman, whose parents oversee the day-to-day operations of the business and who is himself a shareholder. Defendant was represented by Fred Nichol, an auditor with the Oregon Department of Revenue (Department). For ease of reference, the parties will be referred to as Taxpayer and the Department.
 I. STATEMENT OF FACTS
Taxpayer is a small convenience store run by Persian immigrants who moved to this country later in life; they have limited English-speaking skills. In 2005, Taxpayer began purchasing, for resale to its customers, a particular type of tobacco intended to be smoked in a water pipe. The tobacco is used commonly by the Persian cultural community.
Taxpayer sold the tobacco primarily as a convenience to its customers, apparently after repeated inquiries about the product. Taxpayer purchased the tobacco from a distributor in *Page 2 
Southern California identified by the parties as "Karabetian." Karabetian is one of a relatively small number of importers of the particular tobacco product Taxpayer was purchasing and reselling. After learning of the applicable tax requirements discussed below, Taxpayer ceased selling the tobacco.
During the time that Taxpayer was selling the tobacco, Taxpayer did not charge its customers any tax upon the sale of the tobacco. Taxpayer did not file any tobacco returns or pay over any tax to the Department. Taxpayer mistakenly believed that Karabetian was paying the tax. Karabetian is not an Oregon licensed distributor. The invoices do not indicate that Karabetian paid the Oregon tax.
The Department became aware that the tax was not paid and issued a Notice of Determination and Assessment for each of the quarters at issue. Taxpayer timely appealed. Taxpayer has asked the court to either invalidate, or at least reduce, the assessments. The Department has asked the court to uphold the assessments. For the reasons set forth below, the court is denying Taxpayer's request, and upholding the assessments.
 II. ANALYSIS
Oregon imposes a tax on the distribution of cigarettes under ORS 323.030, and on other "tobacco products" under ORS 323.505.[1]
This case involves other tobacco products (i.e., not cigarettes).
"Distributors" of other tobacco products (including loose tobacco) must collect the tax at the time of sale, and remit the tax to the Department of Revenue (department) at quarterly intervals each year, accompanied by a return reporting certain required sales and tax collection activities. ORS 323.505 (providing for the tax on the sale) and ORS 323.510 (requiring submission of a return and payment of tax to the department "on or before the last day of *Page 3 
January, April, July and October of each year"). Also, distributors of these "other tobacco products" must comply with certain recordkeeping requirements. ORS 323.540.
A person or business selling tobacco products in Oregon is a "distributor." ORS 323.500(7)(a) (defining distributor as "[a]ny person engaged in the business of selling tobacco products in this state who brings, or causes to be brought, into this state from without the state any tobacco products for sale"). Taxpayer is such a distributor. As a convenience to its customers, Taxpayer for several years sold a certain loose tobacco product designed to be smoked in a water pipe.
"Tobacco products" include any forms of tobacco "prepared in such manner as to be suitable for chewing or smoking in a pipe." ORS 323.500(13). Taxpayer's product, a loose tobacco designed to be smoked in a water pipe, qualifies as "tobacco products" under the statute.
Oregon law requires that a tax "be imposed on a distributor at the time the distributor distributes tobacco products." ORS 323.505(1). The term "distribute" is defined as "selling untaxed tobacco products in this state." ORS 323.500(6)(e).
Taxpayer is a distributor of tobacco products, and therefore was required to collect a tax upon selling the loose tobacco to its customers.
Oregon law requires that a distributor submit payment of those taxes accompanied by a return to the Department of Revenue on quarterly intervals "on or before the last day of January, April, July and October of each year." ORS 323.510(1), (2). Taxpayer did not submit any payment of taxes or returns to the Department for the years in question, and therefore Taxpayer failed to meet the statutory requirement.
Taxpayer requests that if the tax and other charges (e.g., penalties) imposed by the state cannot be eliminated, then at the very least they should be reduced. Under ORS 323.510, the relevant subsection reads "[t]he tax, penalties and interest imposed by ORS 323.500 to 323.645 [tax imposed on "tobacco products"] shall be a personal debt, from the time liability is incurred, *Page 4 
owed by the taxpayer to the State of Oregon until paid." ORS 323.510(3) (emphasis added). The intention of the legislature as to the mandatory nature of a particular statutory provision is determined "primarily from the language thereof. Words or phrases which are generally regarded as making a provision mandatory include `shall' and `must.'" Stanley, Adm. v. Mueller,211 Or 198, 208, 315 P2d 125 (1957). The statute offers no means of reducing the extent of a taxpayer's liability once liability has incurred. Under certain circumstances, the Department may exercise its discretion to waive interest and any part, or all, of penalties imposed upon a taxpayer that failed to make a timely payment. ORS 305.145. The court lacks similar discretionary authority.
Taxpayer has failed to pay any of the requisite taxes owed to the state for the sale of tobacco products to its customers. Therefore, the court cannot reduce Taxpayer's tax liability. Taxpayer must pay the full amount of these unpaid taxes to the Department.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied and Defendant's assessments for the first, third, and fourth quarter 2005, the first through third quarters of 2006, and the first quarter of 2007 are upheld.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged. *Page 5 
 This Decision was signed by Magistrate Dan Robinsonon March 26, 2010. The court filed and entered the Decisionon March 26, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1