DECISION
This is an appeal to the Magistrate Division of the Oregon Tax Court by The Commons on Alder, LLC (taxpayer), challenging the additional tax imposed by the Lane County Assessor (county) under ORS 307.471 for the 2008-09 tax year.
A case management conference was held on November 3, 2009. The parties were granted 30 days to file additional legal arguments. No additional arguments were received from either party. The record closed on December 5, 2009.
 I. STATEMENT OF FACTS
The facts of this case are not in dispute. The subject property, identified as tax accounts 0598878 and 0598860, is located on Alder Street in Eugene, Oregon. The previous owner used the property for student housing for the University of Oregon. During that time, the property qualified for a school tax exemption for student housing under ORS 307.471.[1] Taxpayer purchased the property on September 12, 2008. (Ptfs Compl at 2.) It was converted to an alternate use. Copies of the tax statements, title reports, statutory warranty deed, and excerpted appraisal report provided by taxpayer do not show that the property was subject to a property tax exemption from school district taxes. (Ptfs Compl at 2.) Subsequently, county learned that the *Page 2 
property was no longer being used as student housing and disqualified it from the student housing exemption under ORS 307.471. County issued Notices of Intention to Change the Tax Roll Due to Clerical Error on February 4, 2009. On March 3, 2009, county issued Notices of Intention to Add Tax Due to Clerical Error adding taxes and penalties totaling $4,171 in accordance with ORS 311.205. The February 4, 2009, notices state that, "[t]his property was exempt from school district taxes according to ORS 307.471. When the property changes ownership[,] ORS 307.471(3) requires the new owner to notify the assessor" (Ptfs Compl at 5, 6.) Taxpayer timely filed an appeal to this court pursuant to ORS 305.280.
Taxpayer concedes that the property is no longer used for student housing and therefore no longer qualifies for the school district tax exemption for student housing for future tax years. In addition, taxpayer has not provided any evidence showing that the property was improperly disqualified. Instead, taxpayer argues that ORS 311.235 applies in this case and that county may not impose this additional tax for the 2008-09 tax year because the disqualification of the property from the school tax exemption was not a matter of public record. County argues that it has statutory authority to remove the school tax exemption and impose additional tax under ORS 307.471 because the property was disqualified when it was no longer used for student housing during the 2008-09 tax year. County asserts that it properly provided notice and contends that ORS 307.471(4) provides the county with authority to correct the tax when a taxpayer fails to give notice of the change in ownership.
 II. ANALYSIS
The burden is on taxpayer to prove entitlement to an exemption. ORS 305.427. In analyzing exemption cases, the court is guided by the principle that taxation is the rule, and exemption from taxation is the exception. Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev., *Page 3 301 Or 423, 426-27, 723 P2d 320 (1986). Courts are to interperet exemption statutes with a strict, yet reasonable construction to ascertain the legislature's intent. Mult. School of theBible v. Mult. Co., 218 Or 19, 27, 343 P2d 893 (1959).
ORS 307.471 provides a property tax exemption from school district tax for property used as student housing and states, in part, that:
 "(1)(a) * * * student housing shall be exempt from all ad valorem property taxes levied by a school district * * *.
 "* * * * *
 "(3) When, for any reason, the property or any portion thereof ceases to meet the qualifications of subsection (1) of this section, the owner at the time of the change shall notify the assessor of such change prior to the next January 1, or within 60 days after the date of disqualification, whichever is the earlier."
ORS 307.471(1)(a); (3) (emphasis added). "" The intention of the legislature as to the mandatory * * * nature of a particular statutory provision is determined primarily from the language thereof. Words or phrases which are generally regarded as making a provision mandatory[] include `shall.'" Stanley, Adm. v. Mueller,211 Or 198, 208, 315 P2d 125 (1957). Taxpayer became the owner on September 12, 2008. ORS 307.471(3) requires the owner to provide notice of the change in use to the assessor within 60 days of the change or January 1, whichever is earlier. Taxpayer admits it did not notify county of the disqualification as required by ORS 307.471(3). When the owner fails to give notice under subsection (3), the assessor is required to "determine the date that the notice should have been given," provide notice to the owner, and, "notwithstanding ORS 311.235, * * * add[] to the tax extended against the property on the next general property tax roll" the additional tax and a 20 percent penalty. ORS 307.471(4).
County gave notice of the disqualification of the property from school tax exemption on February 4, 2009, and it issued Notices of Intention to Add Tax Due to Clerical Error on March 3, 2009. County properly gave notice of the disqualification from exemption and *Page 4 
imposition of additional tax as required by ORS 307.471(4) when, as here, the owner of the property fails to provide notice.
Taxpayer contends that, under ORS 311.235, it was a bona fide
purchaser and, as such, county may not impose any additional tax "unless at the time of the purchase the taxes were a matter of public record." ORS 311.235. Taxpayer argues that, at the time of the purchase, the additional tax from the disqualification of the property from the student housing exemption was not a matter of public record and, as a result, was unfairly imposed.
In addressing taxpayer's argument, the court must first examine the text and context of ORS 307.471 by giving words of common usage their "plain, natural, and ordinary meaning" in order to ascertain legislative intent. PGE v. Bureau of Labor and Industries,317 Or 606, 610-11, 859 P2d 1143 (1993). ORS 307.471(4) provides in pertinent part, "the assessor shall determine the date that the notice should have been given, shall notify the owner thereof andnotwithstanding ORS 311.235, there shall be added to the tax extended against the property on the next general property tax roll * * *" the additional tax and a 20 percent penalty. ORS 307.471(4) (emphasis added). The function of the "notwithstanding ORS 311.235" clause is to except the remainder of that sentence from the provision under ORS 311.325 for bona fide purchasers. Thus, the "notwithstanding ORS 311.235" clause expands the scope of the remainder of the sentence by insulating it from an exception that would otherwise apply to a taxpayer that is a bona fide purchaser. The legislative intent is clear that the assessor must impose additional tax when property has become disqualified from school tax exemption, even when the tax was not a matter of public record. County had the authority to impose the additional tax for the 2008-09 tax year even though the potential tax was not a matter of public record at the time the taxpayer purchased the property. *Page 5 
 III. CONCLUSION
County properly disqualified the property from school tax exemption, gave notice to taxpayer, and imposed the additional tax against the property as required by ORS 307.471. Now, therefore,
IT IS THE DECISION OF THIS COURT that taxpayer's appeal is denied.
Dated this ___ day of April 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon April 30, 2010. The Court filed and entered this documenton April 30, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.