Argued September 8; reversed and remanded December 6, 1949

COTTRELL ET UX. *v.* PRIER ET UX.
212 P. 2d 87

*Donald H. Joyce,* of Portland, argued the cause and filed a brief for appellants.

*George E. Birnie,* of Portland, argued the cause and filed a brief for respondents.

Before BRAND, Acting Chief Justice, and BAILEY, HAY, and PAGE, Justices.

BAILEY, J.

This suit was brought by W. J. Cottrell and Hazel F. Cottrell, his wife, against Arthur R. Prier and Violet I. Prier, his wife, for specific performance of a written contract wherein plaintiffs agreed to purchase from defendants, and defendants agreed to sell to plaintiffs, certain described real property in Washington County, Oregon.

The complaint alleges the execution of the contract, its performance in accordance with the provisions thereof by the plaintiffs, and the failure and refusal of defendants to carry out their part of the contract. The answer admits that defendants signed the contract and sets forth three further and separate defenses.

After a trial on the merits the court entered a decree in favor of plaintiffs and ordered that defendants specifically perform the contract. The decree, which is limited to the provisions of the contract, provides in part as follows:

"2. That defendants immediately deliver up or cause to be delivered up to plaintiffs the possession of said premises and the goods, chattels and water rights described in said agreement.

"3. That upon payment to defendants by plaintiffs of the balance due under said agreement, defendants then cause to be executed and delivered to plaintiffs their warranty deed conveying to plaintiffs, free and clear of all encumbrances, fee simple title as tenants by the entirety to said premises, together with a policy of title insurance in the form and amount as in said agreement specified; and

"4. That defendants perform each and every other obligation on their part to be kept and performed by the terms of said agreement."

From this decree the defendants have appealed.

The first question which we shall consider is whether a complete determination of the controversy here presented can be had without the presence of the Eimans, who appear to have some interest in the property here involved. While counsel for plaintiffs was cross-examining defendant Arthur R. Prier, the following evidence was adduced:

"Q. Didn't Mr. Kellum tell you it was an insult for anybody to offer you ten dollars consideration

in earnest money for the sale of the house? A. He didn't tell me that unless it was at a later date because I didn't see Kellum during this transaction.

"Q. In the meantime you sold this property to somebody else haven't you? A. Yes, after the first suit that was brought against me was settled in our favor we figured we were free to sell it.

"Q. Do you remember the date on which you sold it? A. Oh, let's see, it was about the middle of November.

"Q. I mean if you don't know, say so. A. I don't know the date, no; it has been so many months ago I don't remember the date.

"Q. What was the name of the person to whom you sold the property? A. Eiman.

"Q. Do you know their initials? A. No, I don't.

"Q. Have you ever given them a deed to this property? A. Yes, we completed the deed and contract.

"Q. The deed and the contract, you mean you conveyed them by deed to this property. A. I believe that is correct; Mr. Joyce can answer that better than I can.

"Mr. Joyce: It was a mortgage and deed.

"Q. (Mr. Birnie) When did the Eimans move into possession? A. That was the latter part of December.

\* \* \* \* \*

"Q. I don't mean to try to get you confused. A. Yes, the placing of your questions confused me.

"Q. I am sorry I did that at that trial; what do you wish to tell the court now? Is Mr. Snyder your agent now? A. I don't own the property any more, it is sold."

This same witness, Mr. Prier, on redirect examination by his attorney, testified as follows:

"Q. You stated you sold this property subsequent to the ejectment suit. Did you sell this prop-

erty before or after this action was commenced, do you recall? If you don't know, don't answer. A. It was before this action was commenced."

Later during the trial the following stipulation was entered into by counsel for the litigants:

"Mr. Birnie: If the court please, I intended to show from Mr. Prier that he sold this house to the Eimans—it is the same property involved in this suit, in addition to the value of the orchard for the total price of twenty-six hundred and fifty dollars [correct amount, $26,500.00]. Will you stipulate that is the fact?

"Mr. Joyce: Yes, I will stipulate to that."

The "first suit" above referred to on cross-examination of Mr. Prier was an ejectment action which was brought by plaintiffs against defendants and terminated in favor of defendants prior to the institution of this suit. The complaint in the present suit was filed on November 18, 1947.

The question whether the Eimans are necessary parties has not been raised by the litigants but, in view of the foregoing evidence, was raised by this court. Counsel for the litigants were requested to, and did, furnish the court with memorandum briefs on that subject.

Section 1-315, O. C. L. A., provides that "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court shall cause them to be brought in." In *Wheeler v. Lack,* 37 Or. 238, 61 P. 849, the question arose as to what was the authority and duty of this court when it appeared from the record that a complete determination of the

controversy could not be had without the presence of other parties. After quoting the foregoing section, the court observed:

"* * * Under a similar statute, it has been held that, when a complete determination of the controversy cannot be had without the presence of other parties, it is the imperative duty of the court to direct that they be brought in; and this although the defect of parties appears upon the face of the complaint, and the defendants fail to demur or raise the objection in their answer: Shaver v. Brainard, 29 Barb. 25. Mr. Pomeroy, in discussing the question, says: 'If there are other persons, not parties, whose rights must be ascertained and settled before the right of the parties to the suit can be determined, then the statute is peremptory. The court must cause such persons to be brought in. It is not a matter of discretion, but of absolute judicial duty. The enforcement of this duty does not rest entirely upon the parties to the record. If they should neglect to raise the question and to apply for the proper order, the court, upon its own motion, will supply the omission, and will either directly bring in the new parties, or remand the cause in order that the plaintiff may bring them in:' Pomeroy, Rem. & Rem. Rights, § 419. There could be no question, therefore, about the proper practice, if we were sitting as a court of original jurisdiction; and there seems to be abundant authority for an appellate court to reverse a cause for want of necessary parties, and remand it to the court below in order that they may be brought in". (Citing many authorities.)

It was then pointed out by the court that the decree should not, however, be reversed and the cause remanded for further proceedings "except on payment by the plaintiff of the costs of this appeal. The plaintiff was apprised early in the trial that Waterman had or

claimed some interest in the fund, and was therefore an indispensable party to the suit but made no application to have him brought in.'' It was further stated in the opinion that unless the plaintiff paid defendant's costs within 60 days, ''the complaint will be dismissed without prejudice.''

■ The rule enunciated in *Wheeler v. Lack*, in relation to the authority of this court to reverse a decree and remand the cause in order that necessary parties might be brought in, was approved in *Tobin v. Portland Mills Co.*, 41 Or. 269, 283, 68 P. 743, 1108; *Hawkenson v. Rostad*, 86 Or. 704, 712, 169 P. 350.

■ The next matter for consideration is whether ''a complete determination of the controversy'' connected with this litigation can be had without the presence of the Eimans. They not only have paid, or contracted to pay, $26,500 for the property but have the legal title thereto and are in possession of it. According to the evidence they purchased it before the institution of this suit. Under such circumstances they are necessary and indispensable parties thereto. In 30 C. J. S., Equity, § 142, p. 573, it is said that ''Necessary or indispensable parties are those without whom the court will not proceed to any decree, even as to the parties before it. Included in this class are all persons who have an interest in the controversy of such a nature that a final decree cannot be made without either affecting their interests or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.''

■ It is said in 58 C. J., Specific Performance, § 437, p. 1130: ''One who holds the legal title to the property in respect of which specific performance is sought, although he has no beneficial interest therein, is a

necessary party defendant, if a conveyance of the legal title is sought." See also 47 C. J., Parties, § 174, at p. 88; 49 Am. Jur., Specific Performance, § 157, p. 178; 39 Am. Jur., Parties, § 5, p. 852.

The Eimans have such an interest in the controversy that they are entitled to contest plaintiffs' right to specific performance. They are concerned as to who has possession of the property. It was the plaintiffs who brought out the facts concerning the Eimans' interest in the property; defendants were parties to and assisted in injecting them into the controversy.

The decree appealed from is reversed and the cause remanded to the Circuit Court with directions to that tribunal to cause the Eimans, and any other necessary parties, to be brought in so that a complete determination of the controversy can be had.

█ Plaintiffs and defendants appear to be equally at fault for the omission of the Eimans as parties to this litigation and therefore neither will be allowed costs in this court.