Argued March 24, reversed and remanded May 5, 1954

# MARSTON *v.* MYERS

270 P. 2d 147

260

*Jos. M. Devers, Jr.,* of Stayton, argued the cause for appellant. On the brief were Bell & Devers, of Stayton, and Rhoten, Rhoten & Speerstra, of Salem.

*John H. Carson,* of Salem, argued the cause and filed a brief for respondents and cross-appellants.

Before LATOURETTE, Chief Justice, and ROSSMAN, TOOZE and PERRY, Justices.

PERRY, J.

This is a suit brought by the plaintiff wherein she seeks to have the defendants declared trustees of certain real property for her benefit, and asks for an accounting for the proceeds received by defendants from the sale of timber upon one parcel of land and from the sale of other parcels of land.

The plaintiff's complaint sets forth that Albert R. Myers, a brother of the plaintiff and of the defendant Joseph I. Myers, in his lifetime conveyed the real property in question to the plaintiff; that after the death of Albert R. Myers the plaintiff transferred and conveyed the real property to the defendants for the purpose of having the defendants sell and dispose of the property advantageously for the plaintiff, and after the payment of the expenses of the sale, to return the proceeds to the plaintiff; that the defendants had sold some of the real property and a considerable amount of timber, but had not accounted to the plaintiff for the proceeds thereof. The prayer of the complaint requested a decree

of the court declaring defendants trustees of the real property and of the moneys derived from the sale of portions thereof and from the sale of the timber for the benefit of plaintiff, and requiring an accounting to be had. The defendants filed a general denial.

Thereafter the trial was had and the court rendered its decree as follows:

"The above entitled suit heretofore came on regularly for trial on the plaintiff's complaint and defendants' answer thereto. The court heard the evidence adduced by the parties on the issue of whether plaintiff is entitled to a decree declaring the defendants trustees of the property and assets which are the subject of the suit. At the conclusion of the trial on that issue the court took the cause under advisement and subsequently and on October 9, 1951, rendered his opinion to the effect that the property involved in this suit and the proceeds therefrom were and are beneficially owned by the estate of Albert R. Myers, deceased, and that the excess of said property and proceeds over the obligations against the same became the corpus of a constructive trust by operation of law and that defendants hold such excess of the property and the proceeds therefrom as trustees for the benefit of the estate of Albert R. Myers. The court's memorandum opinion of October 9, 1951, is on file herein.

"Thereafter subsequent hearings were held with respect to the demand for an accounting, and the court took the issue with respect to accounting under advisement and thereafter concluded that the demand for an accounting should be denied. The court's memorandum opinion dated July 9, 1952, is on file herein.

"IT IS, THEREFORE, CONSIDERED, ORDERED AND DECREED that defendants, Joseph I. Myers and Elsie G. Myers hold as trustees by operation of law under a constructive trust for the benefit of the estate of Albert R. Myers, de-

ceased, the real property referred to as Parcel I in these proceedings, which real property is hereinafter described, and also all proceeds and income from all the property referred to in this suit, subject only to the obligations against the trust assets.

"The plaintiff is hereby denied her claim against the defendants for an accounting to her of the property involved in this suit and the proceeds therefrom.

"The plaintiff is hereby awarded judgment against defendants for her costs and disbursements in this suit taxed and allowed at $————.

"Said real property is particularly described as follows:

"Parcel I: The Southwest Quarter (SW¼) of Section Three (3), Township Nine (9) South of Range Three (3) East of Willamette Meridian, Marion county, Oregon.

"Dated July 14, 1952."

From this decree the plaintiff has appealed as to that portion of the decree which denies that she is the beneficiary of the trust, and the defendants have cross-appealed from the entire decree.

The decree of the trial court, although fully supported by the evidence, lies beyond the issues presented by the plaintiff's complaint. The general denial of the defendants' does not set forth their claim of ownership in and to the property, but denies only that they are trustees for the benefit of the plaintiff, and when it first appeared to the court and to the parties, as it did in this case, that others might have an interest in the controversy of such a nature that a final decree could not be made without affecting them or "leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience" (30 CJS 573, Equity, § 142), it became not

only the parties' duty, but the court's, to cause the additional parties to be brought in. Section 1-315, OCLA, now ORS 13.110, provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court shall cause them to be brought in." See also *Cottrell et ux. v. Prier et ux.,* 187 Or 454, 212 P2d 87.

It appears from the record before this court that an administrator has been appointed for the estate of Albert R. Myers, deceased, and there is ample authority to the effect that this court has the authority to reverse a decree and remand the cause in order that necessary and proper parties might be brought in. *Cottrell et ux. v. Prier et ux.,* supra; *Wheeler v. Lack,* 37 Or 238, 61 P 849.

The decree appealed from is reversed and the cause remanded to the circuit court with instructions to cause the administrator of the estate of Albert R. Myers, deceased, and any other necessary and indispensable parties to be brought in so that a complete determination of this controversy can be had.

Both the plaintiff and the defendants appear to be equally at fault in the failure to bring the necessary parties before the court and, therefore, neither party shall recover costs in this court.