Argued March 9, reversed and remanded May 18, petition for
rehearing denied June 22, 1955

## BEERS *v.* BEERS, Administratrix

283 P. 2d 666

*Cecil Stickney,* of Eugene, argued the cause and filed briefs for appellant.

*A. T. Goodwin,* of Eugene, argued the cause for respondent.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

PERRY, J.

Plaintiff Nelson Beers brought this suit against the defendant Audrey Beers, as administratrix of the estate of Clifford Beers, deceased, to establish the fact that the plaintiff and his deceased brother Clifford Beers had entered into a farming partnership, and to determine that 160 acres of land standing in the name of the deceased brother, certain personal property used in the farming operations, and the income resulting from the logging of a portion of the land were partnership property. The trial court determined that a partnership existed, decreed that an accounting be had between the defendant and the plaintiff, and directed that the defendant convey an undivided one-half interest in the real property to the plaintiff to be administered as partnership assets. From the decree of the trial court the defendant has appealed.

The defendant seriously contends that the trial court erred in assuming jurisdiction over the real property described in the plaintiff's complaint, in determining that this property was property of the partnership, and in directing the defendant to execute all deeds, bills of sale and other documents necessary to enable the plaintiff to carry out the winding up of the partnership affairs, the defendant's contention being based on the fact that the heirs at law of the deceased Clifford Beers are necessary and indispensable parties to a full and final determination of the suit. The record is entirely devoid of evidence as to whether or not Clifford Beers left any heirs at law other than Audrey Beers, his wife, who was made a party only in her representative capacity as administratrix of the estate of Clifford Beers, deceased.

It is the plaintiff's contention that since a demurrer was not filed to the complaint pointing out a defect of

parties, which defect was apparent upon the face of the pleading, and as the court has jurisdiction of the parties, the defendant has waived this defect. *Wolf v. Eppenstein,* 71 Or 1, 140 P 751; ORS 16.260.

ORS 13.110 provides:

"In actions or suits the court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court shall cause them to be brought in."

■ The answer to the claim of waiver by the plaintiff for failure of the defendant to demur is found in the above statute. This court in interpreting the statute stated the rule in *Wheeler v. Lack,* 37 Or 238, 247, 61 P 849, as follows:

"* * * when a complete determination of the controversy cannot be had without the presence of other parties, it is the imperative duty of the court to direct that they be brought in; and this although the defect of parties appears upon the face of the complaint, and the defendants fail to demur or raise the objection in their answer. * * *"

Therefore, whenever it appears that necessary and indispensable parties are lacking so that the controversy between the parties cannot be had "without prejudice to the rights of others, or saving their rights", or "a complete determination of the controversy cannot be had without the presence of other parties", this court has authority to remand the cause so that they may be brought before the court and their rights properly adjudicated. *Marston v. Myers,* 201 Or 259, 270 P2d 147; *Cottrell et ux. v. Prier et ux.,* 187 Or 454, 212 P2d 87. It, therefore, remains for us to determine whether or not there is a want of indispen-

sable parties to a complete determination of the controversy.

■■ It is elementary, if the real property is not partnership property, the title, standing solely in the decedent Clifford Beers, passed as real property according to the law of descent to his heirs at law. On the other hand, if the real property in question is partnership property, it is dealt with as personalty in winding up the affairs of the partnership. *Hunter v. Allen,* 174 Or 261, 284, 147 P2d 213, 148 P2d 936.

Subparagraphs (d) and (e) of ORS 68.420 provide as follows:

"(d) On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose.

"(e) A partner's right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin."

■ In many instances it may be necessary in order to meet the obligations of a partnership to sell all of the real property. It is, therefore, readily noted that the decree determining a partnership existed, and the real property was that of the partnership, had the effect of trying title to the real property in question without the presence of those in whom the legal title now stands. It was tantamount to the taking of the heirs' property without due process of law. We are of the opinion, in a case such as this, where the existence of the partnership is denied, the heirs at law are necessary and indispensable parties to the suit.

Whether the adoption of the Uniform Partnership Act in this state has had the effect of adopting the English rule of "out and out" conversion of real property to personal property for all purposes (*Wharf v. Wharf,* 306 Ill 79, 137 NE 446), or whether the rule of nearly all of the courts in the United States to the effect that real estate is to be regarded as personal property only for the business of the partnership and the settlement of its affairs, and when no longer needed for that purpose, the ordinary incidents and quality of real estate are revived and the property goes according to the statute of descents, prevails in this state (40 Am Jur 330, Partnership, § 291), we are not called upon to decide.

Since this case must be returned to the trial court to be retried, we feel we should take note of the defendant's contention that equity should deny the plaintiff any relief because of the fact that the plaintiff has alleged that the decedent Clifford Beers took title to the real estate in his name so that he, as a veteran of World War I, could obtain a state veteran's loan upon the property under the Veteran's Loan Act, ch 201, Oregon Laws 1921, which right was not granted the plaintiff.

The defendant contends that the plaintiff, in consenting to the action of his brother in taking title to the land for the purpose of obtaining the loan upon partnership land, participated in a fraud upon the state of Oregon; that his action and the action of Clifford, in so doing, disclosing the claimed fraudulent or illegal purpose, must be viewed by a court of equity in the same light as where a grantor makes a conveyance for the purpose of defrauding his creditors, and thereafter seeks to have his conveyance set aside. Defendant further contends that in such situations the courts apply the ancient and well-known maxims that a right

of action cannot arise out of fraud (ex dolo malo non oritur actio), and equity will leave the parties to the transaction who are tainted with fraud in the situation in which they have placed themselves, citing *Delgado v. Delgado,* 42 NM 582, 82 P2d 909, 118 ALR 1175; *Perkins v. Hilton,* 329 Mass 291, 107 NE2d 822, 33 ALR2d 1281, and the annotations following on pages 1285 to 1287.

■ The rule contended for by the defendant "is made for the protection of the public and not for the benefit of the parties; its object in refusing relief to either party where the contract is executed is not to give validity to the transaction but to deprive the parties of all right to have either enforcement of, or relief from, the illegal agreement. In such cases the defense of illegality prevails, not as a protection to defendant, but as a disability in plaintiff. The court does not give effect to the contract, but merely refuses its aid to undo what the parties have already done". 17 CJS 659, Contracts, § 272.

The cases cited and relied upon by the defendant will in each instance show that the parties sought to circumvent the spirit and purpose of an act provided by the sovereignty for the sole and exclusive benefit of the serviceman.

In the case of *Delgado v. Delgado,* supra, a mother conveyed her property to her son, and under this arrangement she obtained the benefit of a tax exemption to which she was not entitled.

In the case of *Perkins v. Hilton,* supra, and the cases set out in the annotations of 33 ALR2d 1285 to 1287, the property was placed in the name of a serviceman so that the party not entitled thereto could receive governmental guaranteed loans made to veterans for the purpose of permitting the veteran to purchase residential, farm, or business property. See Servicemen's

Readjustment Act, §§ 501, 502, and 503, 38 USC, §§ 694a to 694c.

■ In all of the cases relied upon by the defendant it is clear that the parties sought to do that which the law prohibited. In our opinion, the cases relied upon by the defendant are so entirely different in their provisions and expressed purposes from the provisions set out in Chapter 201, Oregon Laws 1921, that they are not applicable to the situation presented here. Under the Oregon act, a veteran might receive either a cash bonus not in excess of $500, or he might receive a loan not to exceed $3,000. He was not entitled to both. If the serviceman desired the loan, he could only obtain it by giving security therefor upon lands owned by himself, his wife, his father, mother, child, children, brother, or sister, *Hogan v. Olcott et al.,* 105 Or 264, 209 P 611; and he might use the money procured thereby as suited his own purposes, *Moore v. Olcott et al.,* 105 Or 269, 209 P 498. The loan, being in a greater amount than the cash bonus, was to be secured by a real estate mortgage and repaid. The veteran need not own the land, but might secure the benefits of the act by persuading certain designated relatives to mortgage their land to the state. There can be no question, therefore, that had the title to this land stood in the names of both the brothers, Nelson and Clifford, or in the name of Nelson or Clifford alone, the exact requirements of the act would have been met, and to say that there was an unlawful purpose, or a circumvention of the act, because these same brothers, having entered into a partnership venture, exhibited a scheme to circumvent the law, would be, in our opinion, to place too narrow a construction upon the act.

■ We expressly refrain from expressing any views as to whether or not a partnership relation existed, as

this is a matter to be determined upon retrial by the trial court, but we do expressly say that if the purchase of the land was a partnership venture, the rule of law contended for by the defendant is not applicable to this cause.

The decree of the trial court is reversed and the cause is remanded for a new trial upon issues not inconsistent with this opinion, and for the purpose of bringing in the necessary and proper parties.

Neither party shall recover costs.