Argued and submitted March 5, remanded July 12, 1979

PIKE et al, *Appellants,*
*v.*
ALLEN INTERNATIONAL LIMITED et al,
*Respondents.*

(TC 423-775, SC 25568)

597 P2d 804

Philip F. Schuster, II, and Alan T. Nettleton, Portland, argued the cause and filed the brief for appellants.

Lee A. Hansen, Portland, argued the cause and filed the brief for respondents LaFrance Wine Company and Robert's House of Wine, Inc.

Karen Creason, Portland, argued the cause and filed the brief for respondents Columbia Distributing Company, Garbarino Arighi Marracci & Company,

Al. C. Guisti Wine Company, Nick Spanopoulos, Spear Beverage Company, McClaskey Wine Distributors, Henny-Hinsdale Wine Imports, Maletis, Inc., Stein's Distributing Company, Royal Beer Distributors, M.C. Distributing Company, Stein Beverages, Inc., dba Valley Beverage Company, Coast Distributors, Inc., and Imperial Distributing Company.

TONGUE, J.

---

* Bryson, J., did not participate in this decision. (Retired April 1, 1979)

**TONGUE, J.**

Plaintiffs, a group of retail package sellers of wine, filed this suit in equity for a declaratory judgment, injunction and damages, naming as defendants a group of wholesale dealers in wine. As stated in a pretrial order, which replaced the pleadings, plaintiffs contended that defendants were not entitled to make certain "dock sales" to "members of the public" under their licenses from the Oregon Liquor Control Commission as wholesale wine licensees and that such sales by them were in violation of ORS 471.405(1) and (3) which, according to plaintiffs, prohibit non-licensed agents and employees of the defendants from making such sales.[1] The Oregon Liquor Control Commission was not named as a party defendant.

By the terms of ORS 471.730 the "function, duties and power" of the Commission include the power and duty:

"(1) To control the manufacture, possession, sale, purchase, transportation, importation and delivery of alcoholic liquor in accordance with the provisions of this chapter.

"(2) To grant, refuse, suspend or cancel licenses and permits for the sale or manufacture of alcoholic liquor * * *."

"* * * * *"

"(5) To adopt such regulations as are necessary and feasible for carrying out the provisions of this chapter and to amend or repeal such regulations. When such regulations are adopted they shall have the full force and effect of law."

"* * * * *"

---

[1] ORS 471.405 provides:

"(1) No person shall peddle or deliver alcoholic liquor to or at any place, where, without a license, alcoholic liquor is sold or offered for sale. No licensee shall sell or offer for sale any alcoholic liquor in a manner, or to a person, other than his license permits him to sell."

"* * * * *"

"(3) No person not licensed under the Liquor Control Act shall sell, solicit, take orders for or peddle alcoholic liquor."

In addition, it is provided by ORS 471.040 that:

"The Commission has the powers and duties specified in this chapter, and also the powers necessary or proper to enable it to carry out fully and effectually all the purposes of this chapter. * * * The jurisdiction, supervision, powers and duties of the commission extend to any person who buys, sells, manufactures, imports or transports any alcoholic liquor within this state. The commission may sue and be sued."

In response to plaintiffs' contentions, defendants contended, among other things, that "[t]he OLCC is a necessary party to this suit." Plaintiffs denied that contention.

The trial court held, as a conclusion of law, that:

"The OLCC is a necessary and indispensable party to this proceeding under ORS 28.110. Alternatively, this court declines in its discretion to proceed without the agency whose procedures are in question and to whom the Legislature has delegated power to interpret and enforce the regulatory scheme in question. There is no justiciable controversy in its absence."

Despite that conclusion, the trial court proceeded to decide the merits of the case and held, among other things, that:

"Dock sales are wholesale transactions, permissible to defendants under the terms of ORS 471.235. ORS 471.452 does not prohibit wholesale licensees from engaging in dock sales."[2]

Plaintiffs appeal, contending that the trial court erred both in holding that the OLCC is a necessary party and also in holding that such dock sales are not prohibited by statute.

Oregon has adopted the Uniform Declaratory Judgments Act, ORS 28.010 to 28.160. ORS 28.020 provides:

"Any person * * * whose rights * * * are affected by a * * * statute * * * may have determined any

---

[2] ORS 471.235 relates to wholesale malt beverage and wine licenses. ORS 471.452 relates to the sale of liquor at both wholesale and retail.

question of construction or validity arising under any such * * * statute * * *."

ORS 28.110 provides:

"When declaratory relief is sought, *all persons shall be made parties who have or claim any interest which would be affected by the declaration,* and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal charter, ordinance or franchise, the municipality affected shall be made a party, and shall be entitled to be heard, and if the constitution, statute, charter, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard." (Emphasis added)

In addition, ORS 28.060 provides:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

In *Stanley, Adm. v. Mueller,* 211 Or 198, 315 P2d 125 (1957), this court considered these statutory provisions at some length and held (at 202):

"In our opinion the mandatory 'shall' in this statute should be given its ordinary effect by the courts. We think that under this provision the courts have no authority to make a declaration unless all persons 'who have or claim any interest which would be affected by the declaration' are parties to the proceeding. Otherwise, there is no 'justiciable controversy' within the meaning of the statute."

and (at 209):

"Where the rights of parties with an interest are left undetermined the uncertainty and insecurity will remain and 'courts properly decline to make declarations between parties when others, not bound, might later raise the identical question and deprive the declaration of that final and pacifying function it is calculated to subserve.'" Citing Borchard, Declaratory Judgments, 256-257 (1941).

[59]

Under the terms of ORS 471.040 and 471.730, among other statutory provisions, the Oregon Liquor Control Commission has both the power and the duty to interpret, administer and enforce the provisions of statutes relating to the sales of wine, including "dock sales." If plaintiffs were to secure the declaratory judgment sought by it in this case the result would be a declaration that such sales are prohibited by the provisions of the statutes which the commission has the duty to administer and enforce, despite the fact that the commission has not been made a party to this case.

For this reason we believe it to be clear that the interests of the commission would be "affected by [such a] declaration" and that because the commission had not been made a party to this case the "uncertainty" giving rise to this proceeding would not be terminated by such a declaratory judgment.

Accordingly, we hold, as did the trial court, that the OLCC is a necessary and indispensable party to this proceeding. *See also* Anderson, Actions for Declaratory Judgments, 2d ed., 245, 259, §§ 133, 138 (1951).[3]

Plaintiffs contend that ORS 28.110 "merely" requires that the Attorney General be served with a copy of the complaint and that this was done. That provision of ORS 28.110 relates only to proceedings challenging the constitutionality of a statute. It does not follow that the state need not be made a party when a proceeding under ORS 28.020 seeks the "construction" of a statute which a state agency has the power and duty to administer and enforce.

---

[3] Although it was not contended by plaintiffs that the OLCC is not a "person" for purposes of ORS 28.110 and 28.130, we note that courts in other states construing the Uniform Declaratory Judgments Act have held the word "person" to include states, state agencies, and state subdivisions. *See, e.g., St. Paul Fire & Mar. Ins. Co. v. State, Dept. of Nat. Res.,* 25 Ohio Misc 26, 265 NE 2d 814, 817-18 (1970); *City of Lincoln v. First Nat. Bank,* 146 Neb 221, 19 NW 2d 156, 158 (1945); *State v. General American Life Ins. Co.,* 132 Neb 520, 272 NW 555, 557-58 (1937). *See also* Anderson, Actions for Declaratory Judgments, 2d ed., 349, § 179 (1951), and *Cabell et al v. Cottage Grove et al,* 170 Or 256, 261, 130 P2d 1013 (1943).

Plaintiffs also contend that the OLCC is not an indispensable party because no showing has been made that the OLCC "had adopted and promulgated any express rule or regulation governing licenses for employees of wholesalers making dock sales" or that it has or claims any interest which would be affected by this litigation or that the commission ever had the power to regulate dock sales. Plaintiffs also contend that it appears from the record in this case that the commission "participated" in the proceeding by providing documents and testimony; that it could have intervened but did not do so, and that it has shown a "complete lack of interest" as to "any matter involved in a dock sale."

In our view, these contentions miss the point. It may be that the OLCC has not required special licenses for dock sales and that it is of the view that such sales need not be subject to special regulation. The point is, however, that if plaintiffs were to prevail in the case by securing the declaratory judgment sought by them to the effect that such dock sales violate the statutes which the OLCC has the duty to administer and enforce, its interests would be "affected" by such a declaration and the "uncertainty" which gave rise to this proceeding would not be "terminated." This result would follow because the OLCC might then be required to prohibit, regulate or license such sales despite the fact that it was not made a party to the proceeding which resulted in such a declaratory judgment. For these reasons, we affirm the decision of the trial court insofar as it held that the OLCC is a necessary and indispensable party to this proceeding.[4]

---

[4] Our decision in *Hanson v. Masser,* 247 Or 1, 427 P2d 97 (1967), cited by plaintiff, is not in point, in our opinion. In any event, the public official involved was made a party defendant in that case. *See also Herald Pub. Co. v. Klamath Falls Pub. Co.,* 116 Or 62, 67, 240 P 244 (1925).

White v. Delshneider, 1 Or 254 (1859), also cited by plaintiff, was not a proceeding under the Uniform Declaratory Judgments Act.

Both parties ask that this court nevertheless decide the merits of this case, as the trial court undertook to do. As held in *Stanley, Adm. v. Mueller, supra,* at 202, however, we believe that the requirement of ORS 28.110 that all persons *"shall"* be made parties who "have or claim any interest which would be affected by the declaration" is mandatory and that otherwise there is no "justiciable controversy" within the meaning of the statute. *See also* Anderson, *supra,* at 263, 298, §§ 138, 155.

Plaintiffs' final contention is that in the event that the OLCC be held to be a necessary and indispensable party to this proceeding, this case should be remanded to the trial court with leave to join the OLCC as a party defendant, as was done in *Marston v. Meyers,* 201 Or 259, 270 P2d 147 (1954), and in *Cottrell et ux v. Prier et ux,* 187 Or 454, 212 P2d 87 (1949). To the same effect, *see Stanley, Adm. v. Mueller, supra,* at 210.

When, as in this case, a necessary and indispensable party is absent, the court may dismiss the proceeding, but where it appears that such parties may be brought in and thus enable the court to do full justice and grant complete relief, the court may do so. *See* Anderson, *supra,* 325-26, §. 168. We believe this to be such a case. Accordingly, this case is remanded to the trial court with leave to join the OLCC as a party defendant and for further proceedings not inconsistent with this opinion.

Remanded.