Argued and submitted November 14, 1979,
reversed and remanded January 28, 1980

WAXWING CEDAR PRODUCTS, INC.
*Respondent,*

*v.*

C & W LUMBER COMPANY, et al,
*Appellants.*

(No. A-7704-06136, CA 12770)

605 P2d 719

Paul Gerhardt, Portland, argued the cause and filed the briefs for appellants.

John D. Ryan, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Defendants appeal from a judgment for plaintiff in this contract action. We reverse and remand the action to the trial court for joinder of a necessary party and for further proceedings.

On December 31, 1975, the plaintiff as seller and the defendant C & W Lumber Company (C & W) as buyer entered into an agreement for the sale by plaintiff of assets connected with its lumber yard. The defendants Cumbo were guarantors of the buyer's performance under that agreement. C. R. Yunker, whom the agreement describes as the seller's obligee "for certain sums loaned by him and for bank loans guaranteed by him" was also a party to the agreement, but was not made a party to this litigation.

On the same date the agreement of sale was executed, plaintiff and Yunker entered into a contract, pursuant to which plaintiff assigned the "proceeds" of the agreement of sale to Yunker. The assignment contract provided, in essence, that Yunker was to apply the proceeds to repayment of plaintiff's bank loans and of plaintiff's indebtedness to Yunker, with any excess to be paid to plaintiff.

The agreement of sale between plaintiff and C & W states that it constitutes "the entire and only contract between all the parties hereto," but it also refers to the contemporaneously executed assignment contract "providing for payment of the loans made and guaranteed by Yunker * * *." C & W had notice of the assignment from plaintiff to Yunker.

The parties formulate the issue as being whether C & W is obligated to pay plaintiff directly for plaintiff's lumber inventory, or whether payment for the lumber, like payment for the other assets conveyed through the agreement of sale, has been assigned to Yunker by plaintiff and is to be made directly to Yunker by C & W.

[169]

The agreement of sale includes the lumber inventory among the assets conveyed by plaintiff to C & W. However, the assignment contract between plaintiff and Yunker states that the agreement of sale includes all of plaintiff's physical assets "except the inventory of lumber." The agreement of sale provides that C & W is to make payments for various assets other than the lumber inventory "to [plaintiff] or to Yunker." Payment for the lumber inventory is treated separately in the agreement by a paragraph which provides generally for C & W to sell the inventory and transmit the proceeds "to Seller" (*i.e.,* plaintiff). The assignment contract, in terms, *appears* to cover *all* proceeds from the agreement of sale, and not only proceeds from certain assets, or proceeds which the agreement of sale expressly states are payable to Yunker.

We conclude that, taken together, the two instruments are ambiguous and that their construction has a clear impact on Yunker's rights. If plaintiff is correct in arguing that the proceeds from the lumber inventory are not covered by the assignment contract, nothing in the two instruments makes that inventory or the proceeds obtained from its sale available for payment of plaintiff's debt to Yunker or the repayment of the bank loans of which Yunker is the guarantor.

The trial court, in what it designated a "finding of fact," stated that the agreement of sale "speaks for itself and is not ambiguous and therefore reference to other instruments is not necessary to interpret it." That statement is not a finding of fact and is not correct as a conclusion of law. The agreement of sale and the assignment contract contain references to one another and to one another's terms. The subject-matters of the two instruments are necessarily inter-related, and they must be construed together to resolve the issues in this case. *See Spande v. Western Life Indemity Co.,* 61 Or 220, 235-236, 117 P 973, 122 P 38 (1912); *cf. McGrath v. Electrical Const. Co.,* 230 Or 295, 301, 364 P2d 604, 370 P2d 231 (1961).

[170]

The trial court should have acted on its own motion under former ORS 13.110[1] to join Yunker as a party to the action. The Supreme Court stated in *Beers v. Beers, Administratrix,* 204 Or 636, 283 P2d 666 (1955):

"* * * [W]henever it appears that necessary and indispensable parties are lacking so that the controversy between the parties cannot be had 'without prejudice to the rights of others, or saving their rights', or 'a complete determination of the controversy cannot be had without the presence of other parties', this court has authority to remand the cause so that they may be brought before the court and their rights properly adjudicated. * * *" 204 Or at 639.

Reversed and remanded.

---

[1] Former ORS 13.110 provided:

"In actions or suits the court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in."

ORS 13.110 was repealed by Oregon Laws 1979, ch 284 § 199, the Act adopting the Rules of Civil Procedures which took effect on January 1, 1980. The substance of former ORS 13.110 now appears in Rules 29 and 30.