Argued and submitted April 25, 1986, reversed and remanded March 11, 1987

BIRD et al,
*Appellants,*

*v.*

CITY OF ASHLAND et al,
*Respondents.*

(84-469-J-1; CA A35722)

734 P2d 6

William G. Carter, Medford, argued the cause for appellants. On the brief was John W. Eads, Jr., Medford.

William A. Mansfield, Medford, argued the cause for respondents Lewis, Heumann and Meyer. With him on the brief was Glenn H. Munsell, Ashland.

No appearance for respondent City of Ashland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiffs brought this declaratory judgment action in 1984. In their first count, they sought the invalidation of two deeds, recorded respectively in 1966 and 1970, which were executed by Sam B. Davis and Eleanor R. Davis to convey property in the subdivision of which plaintiffs are residents to defendant city. The deeds purport to allow the city to use the property for street purposes. Plaintiffs alleged in their second count that the city's grant of an easement to defendants Lewis in 1983, for ingress and egress and for the placement of utility lines, was also invalid. Plaintiffs contend that all of the challenged transactions violate restrictive covenants applicable to property in the subdivision and are also contrary to local and state legislation. The trial court granted defendants' motions to dismiss the action on the ground that both counts are time-barred.

■    Plaintiffs appeal and challenge the trial court's ruling on both counts. The parties' arguments in connection with the dismissal of the first count focus on whether plaintiffs, who do not claim a property interest in the land conveyed from the Davises to the city, were charged with constructive notice of the recording of the conveyances, with the effect that the running of the statutory limitation period or a period of laches dates from the times of recording. We do not reach that issue. The relief which plaintiffs sought in their first count included a declaration that the conveyances were illegal and void and a mandatory injunction that the city reconvey the property to the present owners of the parent parcel from which the conveyances were made. However, we find nothing in the record to indicate that the Davises or any representatives of theirs were made parties to the action. On the face of the first count, the Davises, as the grantors of the deed which plaintiffs seek to invalidate, would appear to have an interest relating to the subject of the action, which makes them necessary parties. *See* ORCP 29A(2). We accordingly hold *sua sponte* that further proceedings on the first count are necessary. On remand, the court should consider whether the Davises should be joined and, if they should but cannot be, the court should make an appropriate determination under ORCP 29B.[1] *See Hatcher v.*

---

[1] The trial court is not confined to the joinder issue in the proceedings on remand. It is unclear why plaintiffs have chosen to challenge the validity of the conveyances

*U.S. Nat'l Bank,* 56 Or App 643, 650, 643 P2d 359 (1981), *rev den* 293 Or 373 (1982); *Waxwing Cedar Products v. C & W Lumber,* 44 Or App 167, 605 P2d 719 (1980).

■ ■    Although the second count may eventually be affected by the proceedings on the first, there is no joinder problem on the face of the complaint. There is no basis for concluding that the second count is barred by either the Statute of Limitations or laches. The action was filed approximately two months after the events complained of took place. Defendants do not argue that the trial court was correct in dismissing the count on the limitation ground, but they contend that we should nonetheless affirm the dismissal, because the allegations do not state a claim. That is not an appropriate basis for the dismissal of a declaratory judgment action. *Reynolds v. State Board of Naturopathic Exam.,* 80 Or App 438, 722 P2d 739 (1986).[2]

Reversed and remanded.

---

and the city's title rather than make a direct challenge to the uses which purportedly violate the legislation and the restrictions. We also do not know why defendants have focused on the timeliness of plaintiffs' challenge and on whether plaintiffs had constructive notice of the recorded deeds. They make no argument that plaintiffs lack standing to challenge the conveyances or to seek a reconveyance of property to which they are strangers.

[2] One of defendants' responses to this assignment of error is that they "stipulate that the 1983 easement is a nullity and void." We would note that that concession is meaningless in this court at this time, because the trial court's judgment was for defendants, and plaintiffs are entitled to an adjudication of their contentions rather than a stipulation with no enforceable effect.