Argued and submitted May 12, 1989, at Pendleton, Oregon, affirmed July 26, reconsideration denied September 15, petition for review denied October 26, 1989
(308 Or 465)

GERKE et ux,
*Appellants,*

*v.*

BURTON ENTERPRISES, INC., et al,
*Defendants,*

*and*

ADMINISTRATIVE SERVICES CO.,
*Respondent.*

(87-1-0009 CV; CA A49052)

776 P2d 879

Roy Kilpatrick, Mt. Vernon, argued the cause for appellants. With him on the brief was Mike Kilpatrick, Mt. Vernon.

Robert D. Scholz, Portland, argued the cause for respondent. With him on the brief were William P. Buck and MacMillan & Scholz, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

**1.** In this declaratory judgment action, plaintiff seeks reversal of the trial court's determination that plaintiff's judgment against defendants Burton for fraud is not binding on the Burtons' assignee, defendant Administrative Services Co. (ASC). We affirm.

In August, 1981, plaintiffs purchased a motel in John Day from the Burtons for $1,100,000. The transaction was memorialized in a land sale contract and a covenant not to compete. In May, 1982, the Burtons assigned their vendors' interest to ASC as security for a loan. The assignment was recorded. On March 1, 1983, plaintiffs filed an action against the Burtons for fraud in the sale of the motel. Plaintiffs prevailed, and their damages in the amount of $360,000, plus $75,000 attorney fees, were allowed as a setoff against the balance of the purchase price due under the contract. After the jury verdict was received, but before judgment was entered, ASC moved to intervene. The motion was denied. Defendants and ASC appealed and, in response to ASC's appeal, we held that it was within the trial court's discretion to deny ASC's leave to intervene. We reasoned that the fraud judgment against the Burtons would not be binding on ASC and that, therefore, it was not an indispensable party. *Gerke v. Burton Enterprises, Inc.,* 80 Or App 714, 723 P2d 1061 (1986). We said:

> "Moreover, ASC, as the assignee for security of the sale contract, was not an indispensable party to plaintiffs' action for damages *for fraud,* ORCP 33, because that was a personal action against defendants which affirmed the validity of the contract. Accordingly, regardless of the merits of the court's ruling granting a setoff to plaintiffs against the contract balance, plaintiffs' judgment cannot determine their rights against ASC's interest. Whether plaintiffs' right to a setoff can affect or prejudice ASC's rights to proceeds of the contract cannot be adjudicated in this litigation to which ASC is not a party." 80 Or App at 722. (Emphasis in original.)

**2.** Plaintiffs filed this action for declaratory relief in January, 1987, requesting a determination, among other

things,[1] of the amount that they owe ASC on the contract so that they could purchase clear title to the property. ASC has foreclosed its security interest in the contract and purchased the vendor's interest at a sheriff's sale. The trial court held that the offset that had been allowed against the Burtons in the fraud action was not binding on ASC and that, until plaintiffs establish the sellers' fraud in an action in which ASC is allowed to litigate that issue, plaintiffs are indebted to ASC for the entire balance due on the contract.

ORS 43.130(2) provides:

> "In other cases, the judgment, decree or order is, in respect to the matter directly determined, conclusive between the parties, their representatives and their successors in interest by title *subsequent to* the commencement of the action, suit or proceeding, litigating for the same thing, under the same title and in the same capacity." (Emphasis supplied.)

Because ASC's interest was acquired *before* commencement of the fraud action against the Burtons, the judgment against the Burtons was not binding on it. It is true that an assignee takes subject to all defenses to a contract, including fraud, and that, if the sellers' assignee sues the buyer for money due under the contract, the buyer may defend on the ground that he was induced to enter into the contract by the seller's fraud. *United Finance Co. v. Kliks,* 210 Or 288, 310 P2d 1103 (1957). The defense, however, must be proved in a proceeding that binds the assignee. *See Beers v. Beers, Administratrix,* 204 Or 636, 639, 283 P2d 666 (1955).

Affirmed.

---

[1] The complaint also sought a determination of all claims against the sums determined by the court to be due from plaintiffs to defendants Burton, their respective priorities and to whom the sums are payable. In response to ASC's motion for summary judgment, plaintiffs relied solely on their judgment against the Burtons and did not allege facts that would constitute fraud. The judgment entered determined all of the issues that were presented.