Argued and submitted December 2, 1991, reversed and remanded with instructions to vacate judgment February 26, reconsideration denied April 29, petition for review denied May 26, 1992 (313 Or 299)

John F. GERKE
and Ann R. Gerke,
*Appellants,*

*v.*

BURTON ENTERPRISES, INC.,
Robert Burton; Dawn Burton;
James V. Cottrell; Nancy M. Cottrell;
Herschel A. Leatherbury; Marguerite Leatherbury;
Kalberer Hotel Supply Co.; Administrative Services Corp.;
United States National Bank of Oregon, Redmond Branch;
Wegroup, P.C.; C. Spencer Powell,
John P. Totten, dba Powell, Totten & Co.;
Luvass, Cobb, Richards & Fraser, P.C.;
and Ferder, Ogdahl, Brandt & Thompson,
*Defendants,*

*and*

Alexander ALBERTINE
and Berndette Albertine,
*Respondents.*

(87-1-0009 CV; CA A68061)

826 P2d 115

Roy Kilpatrick, Mt. Vernon, argued the cause for appellants. With him on the brief were Kilpatricks Lawyers, Mt. Vernon, and Marvin Nepom, Portland.

John A. Berge, Bend, argued the cause for respondents. With him on the brief was Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

In 1981, the Gerkes bought a hotel in John Day from the Burtons. They executed a land sale contract and a related covenant not to compete. They, their predecessors in interest and their creditors have been in litigation ever since. *See Gerke v. Burton Enterprises, Inc.*, 80 Or App 714, 723 P2d 1061, *rev den* 302 Or 299 (1986) (Gerke I); *Gerke v. Burton Enterprises, Inc.*, 97 Or App 629, 776 P2d 879, *rev den* 308 Or 465 (1989) (Gerke II).[1]

This case began in 1987 when the Gerkes sought a declaratory judgment to determine who among 12 potential creditors of the Burtons had priority as to payments that the Gerkes were required to make to the Burtons under the land sale contract and the covenant not to compete. ORS 28.010. No one counterclaimed against the Gerkes.[2] The court set out to determine the validity and priority of all claims to the balance due under each contract and the amount of each claim. In November, 1988, it entered a judgment declaring that, among other things, the Albertines had the first priority right to any payments that the Gerkes would make under the covenant not to complete "[b]y virtue of a judgment against the Burtons entered on July 19, 1982, for $125,000, plus interest and penalties."[3] In a memorandum opinion, the

---

[1] On May 7, 1982, the Burtons assigned their interest in the land sale contract to Administrative Services Corporation, Inc. (ASC), to secure their note to it for $220,000. On March 1, 1983, the Gerkes filed an action for fraud in the sale of the hotel. They prevailed, and we affirmed the trial court's rulings on the fraud claim and its denial of ASC's motion to intervene. *Gerke I*. Subsequently, we affirmed the trial court's ruling that the Gerkes' judgment against the Burtons for fraud is not binding on ASC, because it had not been a party to the fraud claim. *Gerke II*.

[2] The Albertines' answer to the Gerkes' original complaint said:

"Defendants Alexander Albertine and Berndette Albertine hereby assert a claim against the funds due from Plaintiffs to Defendants Robert Burton and Dawn Burton, and Burton Enterprises, Inc., in accordance with a judgment entered against Burton Enterprises, Inc. and Robert Burton and Dawn Burton in favor of Defendants Alexander Albertine and Berndette Albertine * * *."

That does not state a claim for relief as a counterclaim or in any other form. *See* ORCP 18. There is no compulsory counterclaim rule in Oregon, *Burlington Northern v. Lister*, 48 Or App 579, 583, 617 P2d 906 (1980), and the court never addressed the Albertines' assertion in its declaratory judgment.

[3] It is not clear on the record before us why the Gerkes named the Albertines in the declaratory judgment action and why they would have a priority right to any payments that the Gerkes make under the covenant not to compete. An affidavit by Alexander Albertine says that he and the Burtons together purchased and operated

court said:

> "[T]he contending parties are agreed that the establishment of the priorities of the various claims of the defendants is a matter of law for the court, in as much as [*sic*] the facts are agreed upon. There would remain a dispute between Gerke and Burton as to the correct amount due on the agreement not to compete with the Court being unable to determine this on the record before it."

The Albertines petitioned for supplemental relief under ORS 28.080.[4] At the show cause hearing, they argued that they were entitled to a money judgment against the Gerkes, because the Gerkes owed the Burtons money under the covenant not to compete and they had a judgment against the Burtons. They reasoned that the Gerkes owed them money "pursuant to the declaratory judgment." The Gerkes responded that the Albertines had no claim against them. Further, they asserted that *they* had a claim against the Burtons that would, if successful, cancel any obligation that they had under the covenant not to compete.

The Albertines moved for summary judgment, which the court granted. In a memorandum opinion, the court said:

> "The original complaint sought a declaration of to whom, among competing creditors, certain amounts should be paid. Inferentially, it was acknowledged that the amounts were owing both under the contract of sale and the non-compete agreement. At no time was a claim made that the money was not owed.
>
> "Pending litigation by [ASC] as to the amounts owed under the sale contract has no bearing on the non-compete agreement. No questions of fact are presented at the time of argument on this motion as to whether there was a violation

---

the hotel that the Burtons later sold to the Gerkes. Subsequently, the Albertines sued the Burtons. We are unaware of the reasons for and disposition of that action. No party assigns error to the resolution of priority issues in the declaratory judgment.

[4] ORS 28.080 provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application thereof shall be by petition to the court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

of the non-compete agreement. Any issue regarding violation of that agreement is now *res judicata.* Those issues, if any there are, could and should have been litigated before."

The court gave the Albertines a $26,000 judgment against the Gerkes.[5]

The court erred. The Albertines have a judgment against the Burtons. No one disputes that the Albertines have a priority as to any payments that the Gerkes might make under the covenant not to compete. However, the Albertines do not identify a contractual relationship or any other source to support the metamorphosis of their judgment against the Burtons into a direct claim against the Gerkes.

■ The Gerkes were not precluded, in the supplemental hearing, from asserting that they had defenses to claims based on the covenant not to compete. The declaratory judgment action had addressed only the priority and amount of claims. *See Dry Canyon Farms v. U.S. National Bank of Oregon,* 96 Or App 190, 194, 772 P2d 1343 (1989). Nothing in that action obligated the Gerkes to assert defenses that they had under the covenant not to compete. *See Rennie v. Freeway Transport,* 294 Or 319, 323, 656 P2d 919 (1982).

Reversed and remanded with instructions to vacate judgment in favor of Alexander and Berndette Albertine.

---

[5] It is undisputed that $26,000 remained unpaid under the covenant not to compete.